## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| MATTHEW E. LAMPERT, individually and on behalf of all those similarly situated,<br><br>             Plaintiff,<br><br>    v.<br><br>ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,<br><br>             Defendant. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiff Matthew E. Lampert, individually and on behalf of all others similarly situated, files this Class Action Complaint against Allstate Vehicle and Property Insurance Company ("Defendant") and respectfully shows the following:

## INTRODUCTION

1.      At all pertinent times, Georgia law and Defendant's insurance policies with Plaintiff and the class members have required Defendant to assess for and, where found, pay damages for diminution in value of Defendant's insureds' properties resulting from covered insurance claims. Despite these obligations, upon information and belief, Defendant has never assessed its insureds' properties for diminution in value and has never paid its insureds for any diminution in value which their properties may have incurred.

2.      Plaintiff Matthew E. Lampert maintained homeowners property insurance coverage with Defendant and timely reported claims for direct physical loss to his home resulting from water, mold, and/or windstorm damage. Defendant was required not only to pay the costs of repair with respect to the physical damage but also to assess for and either pay any diminution

in the fair market value of the insured property that exists despite physical repairs of the water and other damage giving rise to the covered claims, or deny the existence of diminished value. In violation of Georgia law and in breach of its insurance contract with Plaintiff, Defendant failed to perform an assessment of Plaintiff's property for diminution in value that exists despite physical repairs of the water and other damage and failed to pay Plaintiff for such diminution in value or deny the existence of diminished value.

3.      Plaintiff seeks to recover damages on behalf of himself and current and former insureds of Defendant who suffered direct physical losses to their insured properties caused by water damage, mold damage, fire damage, and/or foundation and/or structural damage but for which Defendant failed to assess for and either pay diminution in value to those properties where it is found to exist or deny its existence, in breach of Defendant's insurance contracts. Alternatively, Plaintiff seeks specific performance and/or injunctive relief as remedies for Defendant's breach, requiring Defendant to fulfill its contractual obligations by performing appropriate diminished-value assessments and, where found, paying such diminished value.

## JURISDICTION AND VENUE

4.      Plaintiff Matthew E. Lampert resides at, and owns the property located at 5043 Stephens Road, Gainesville, Georgia 30504-8258. At all times pertinent to this action, Plaintiff's home and property were insured under a House & Home Policy, a homeowners insurance policy issued by Allstate Vehicle and Property Insurance Company, with Policy Number 810 479 958 (the "Policy"). The Policy was applied for and obtained in the State of Georgia.

5.      Defendant Allstate Vehicle and Property Insurance Company (hereinafter sometimes referred to as "Allstate Vehicle and Property") is a for-profit Illinois corporation, which maintains its principal place of business at 3075 Sanders Road, Suite G4E, Northbrook,

2

Illinois 60062.  Allstate Vehicle and Property maintains a registered office in the State of Georgia and is a licensed property and casualty insurer in the State of Georgia.

6.      Allstate Vehicle and Property has numerous agents and places of business in Georgia, some of which were located in this district, at the time the causes of action alleged herein accrued.  Allstate Vehicle and Property continues to maintain agents and places of business in this district.

7.      Allstate Vehicle and Property may be served with process in this action by delivering a copy of the Summons and Complaint to its registered agent for service, CT Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046-4805.

8.      This Court has jurisdiction over this dispute under 28 U.S.C. § 1332(a) because the parties are completely diverse and the amount in controversy exceeds $75,000.00.  This Court also has subject matter jurisdiction of this action under 28 U.S.C. § 1332(d)(2)(A), which provides for federal jurisdiction in class actions with minimal diversity when damages exceed five million dollars, exclusive of interest and costs.  Upon information and belief, the aggregate amount at issue in this dispute exceeds five million dollars.  In addition, "minimal diversity" is satisfied because at least one member of the proposed class is a citizen of a State different from Defendant.  The Court has supplemental subject matter jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367.

9.      Venue in this Court is proper pursuant to the provisions of 28 U.S.C §§ 1391(b)(2) & (d).

## ALLEGATIONS SPECIFIC TO THE NAMED PLAINTIFF

10.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

11.    At all times pertinent hereto, Plaintiff maintained an insurance policy issued by Defendant.

12.    Specifically, in consideration for Plaintiff's payment of premiums, Defendant issued the Policy to Plaintiff.

13.    The Policy was issued in the State of Georgia.

14.    The Policy was drafted by Defendant and/or its agents.

15.    Plaintiff performed all contractual conditions required of him under the Policy, including the timely payment of premiums due under the Policy and the timely notification of his loss(es) to Defendant.

16.    The Policy insures against direct physical loss to the dwelling and obligates Defendant to settle any covered loss with its insureds.

17.    Under Georgia law, such coverage for direct physical loss includes coverage for diminution in value losses and has been, and is, part of the contracts of homeowners insurance[1] issued by Defendant to Plaintiff and to other insureds throughout the State of Georgia.

18.    Under Georgia law, when insureds present first-party claims under their homeowners insurance policies for direct physical loss to covered properties, insurers are required not only to pay the costs of repair, but also to perform a good faith assessment for diminished value based on an appropriate uniform methodology and to pay any diminution in the fair market value of the insured property that exists despite repairs of the physical damage where it is found to exist, or to deny the existence of such diminished value.

---

[1] Plaintiff uses the term "homeowners insurance" to refer to any insurance policy, however titled, issued by Defendant that provides homeowners property coverage.

4

19.     Under Georgia law, there is no duty for a policyholder to specifically make a claim for diminished value; rather, Georgia law imposes on insurers a duty to adjust claims for all losses, including diminished value, whether or not a policyholder requests payment for diminished value.

20.     Nothing in the Policy requires Plaintiff to specifically assert a claim for diminished value as a specific element of damage.

21.     Implied in every contract, including the contract of insurance wherein Defendant agreed to provide coverage to Plaintiff, is the covenant of good faith and fair dealing. Defendant had the duty to treat Plaintiff, as its insured, with the utmost good faith, and under Georgia law, insureds are entitled to expect their insurers to exercise good faith in carrying out their obligations under their policies, including assessing for diminished value and either paying it or denying its existence.

22.     In August 2017, Plaintiff's home was insured under the Policy. As of that date, the Policy provided Plaintiff with several coverages, including "Dwelling" coverage.

23.     On or about August 26, 2017, Plaintiff's home suffered water and mold damage to the interior of the home; an event that was covered under the Policy. Plaintiff timely reported the direct physical loss to Defendant and otherwise complied with the terms and conditions of the Policy.

24.     Defendant accepted Plaintiff's claim as a covered loss and assigned the claim number 0474202900. Defendant purported to fully adjust Plaintiff's claim arising out of the loss, authorized repairs to Plaintiff's home, and subsequently paid certain repair costs with respect to the dwelling, including mold remediation costs. The total repair costs on the claim exceeded

$10,000.00. Despite those repairs, as a result of this water and mold damage to Plaintiff's property, Plaintiff alleges that the fair market value of his property was diminished.

25.    On September 11, 2017, Plaintiff's home and property was insured under the Policy.

26.    On or about September 11, 2017, Plaintiff's home suffered a loss that involved windstorm, water, and mold damage that was covered by the Policy. Plaintiff timely reported the direct physical loss to Defendant and otherwise complied with the terms and conditions of the Policy.

27.    Defendant accepted the claim as covered and assigned the claim number 0475082939. Defendant purported to fully adjust Plaintiff's claim arising out of September 11, 2017 loss, authorized repairs to Plaintiff's home, and subsequently paid certain repair costs, including costs associated with mold remediation. The repair costs associated with the claim exceeded $16,000. Despite those repairs, as a result of this water damage and mold damage to Plaintiff's property, Plaintiff alleges that the fair market value of Plaintiff's property was diminished.

28.    At the time Defendant adjusted Plaintiff's claims and authorized repairs to Plaintiff's home, however, Defendant took no action to assess any diminution in the fair market value of Plaintiff's property.

29.    Because Defendant accepted Plaintiff's claim as a covered event under the Policy, Plaintiff had every right and expectation that Defendant would fully adjust his claims for all covered losses. However, contrary to Plaintiff's justified expectation, Defendant failed to assess Plaintiff's home for diminished value and failed to pay diminished value or deny its existence as required under Georgia law.

30.     Defendant notified Plaintiff that his claims were "progressing" and purported to be fully adjusting Plaintiff's claims, without notifying that Plaintiff that it would not be assessing for or paying any diminished value.

31.     Indeed, at no time did Defendant raise the issue of diminished value with Plaintiff at all.

32.     Ultimately, Plaintiff inquired about diminished value to Defendant and was told by Defendant's agents that diminished value was not covered by the Policy.

33.     Because the Policy insures against direct physical loss, however, it provides coverage for diminished value absent a valid exclusion for such coverage. There was no valid exclusion for such coverage in Plaintiff's Policy at the time of his covered losses.

34.     Defendant knew or should have known that diminished value was covered by the Policy.

35.     With respect to both covered losses—Claim Numbers 0474202900 and 0475082939—Defendant failed to assess Plaintiff's home for any diminution in value loss.

36.     With respect to both covered losses, Defendant also failed to pay Plaintiff's diminution in value loss to Plaintiff.

37.     Defendant also failed to deny the existence of diminished value or even to mention it at all until it was raised by Plaintiff, at which point Defendant denied that diminished value was covered by the Policy.

38.     By failing to account for diminution in value as an element of loss and by failing to pay Plaintiff the diminution in value of his property, Defendant breached the Policy, including the covenant of good faith and fair dealing inherent therein.

39.     Defendant's breaches of contract have injured and harmed Plaintiff and have proximately caused Plaintiff's damages for which Plaintiff seeks recovery.

40.     Plaintiff is entitled to recover damages for Defendant's breach of contract.

41.     Alternatively, Plaintiff is entitled to specific performance and/or declaratory and injunctive relief requiring Defendant to perform its contractual obligations.

## CLASS ALLEGATIONS

42.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

43.     Plaintiff brings this action on behalf of himself and other similarly situated persons who contracted with Defendant for homeowners insurance[2] coverage for property located in the State of Georgia.

44.     Defendant has issued homeowners insurance policies throughout the State of Georgia.  Upon information and belief, the Policy issued to Plaintiff is a standard form policy and is the same or substantially similar in all respects material to this action, including with respect to the insuring language, to the other policies of insurance issued by Defendant to insureds throughout the State of Georgia. In particular, upon information and belief, all homeowners policies issued to members of the proposed class insure against direct physical loss to property and, therefore, cover diminished value.

45.     Despite the fact that its homeowners policies of insurance provide coverage for diminution in value, Defendant systematically fails to assess for and pay diminution in value in first-party physical damage claims and fails to establish procedures to handle diminution in value claims. In addition, Defendant does not mention or otherwise address diminished value to its insureds when it adjusts claims unless the subject of diminished value is expressly raised by an

---

[2] *See supra* note 1.

insured. Upon information and belief, Defendant has never paid diminished value on a homeowners insurance claim.

46.    Upon information and belief, Defendant does not raise the issue of diminished value with its insureds and indeed is silent on the issue of diminished value unless it is first raised by an insured.  Moreover, Defendant's homeowners policies do not define, or even mention, diminished value and, therefore, members of the proposed class had no means of knowing that Defendant was required to assess for diminished value and either pay it or deny its existence.

47.    Because Defendant accepted class members' claims as covered events under their policies, they had every right and expectation that Defendant would fully adjust their claims for all covered losses.

48.    Defendant's failure to assess for and either pay diminution in value or deny its existence respecting first-party physical damage claims and Defendant's failure to implement procedures to handle such diminution in value claims has resulted in numerous and systematic breaches of contract by Defendant.

49.    Upon information and belief, Defendant has treated all of its policyholders who have presented first-party physical damage claims under their homeowners insurance policies the same or substantially the same way Defendant treated Plaintiff when Plaintiff presented his claims in that Defendant has failed to assess for and either pay diminution in value or deny its existence.

50.    Although Defendant and/or its affiliated entities have contracted with a third party to engage real estate appraisers to perform diminished-value appraisals in connection with Defendant's claims adjustment process, upon information and belief, Defendant has chosen not

implement that procedure and, therefore, has never engaged an appraiser or any other competent personnel to assess for diminished value. Upon information and belief, Defendant's claims handlers do not know how to determine whether diminished value exists, Defendant has no methodology or procedure for assessing for diminished value, and Defendant's claims handlers are not trained how to assess for diminished value.

51.     By paying only for repairs and by failing to assess for and either pay diminution in value of its insureds' properties or deny its existence, Defendant's conduct has been, and is, in violation of Georgia law and contrary to the terms, conditions, and obligations of its own contracts of insurance.

52.     Plaintiff seeks certification of a class of similarly situated persons or entities in order: (a) to require Defendant to pay damages equal to the cost of performing diminished value appraisals to those insureds who, under their homeowners insurance policies, have within the period of six years preceding the filing of this civil action, presented first-party physical damage claims arising from direct physical losses to their insured properties caused by covered events involving water damage, mold damage, fire damage, foundation damage, and/or structural damage but for which Defendant failed to assess for diminished value; or (b) alternatively, to obtain an injunction and/or specific performance requiring Defendant to honor and abide by its contractual obligations by requiring (i) Defendant to perform diminished-value assessments with respect to those insureds who, under their homeowners insurance policies, have within the period of six years preceding the filing of this action through the date of class certification, presented first-party physical damage claims arising from direct physical losses to their insured properties caused by covered events involving water damage, mold damage, fire damage, foundation damage, and/or structural damage but for which Defendant failed to perform a diminished-value

assessment; and (ii) Defendant to pay any diminution in the fair market value of such properties found to exist pursuant to such diminished-value assessments or to deny the existence of any diminished value.

53.    Specifically, pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of himself and all others similarly situated, as a representative of the following class:

> All persons formerly or currently insured under homeowners insurance policies issued by Defendant that provide coverage for property located in the State of Georgia who, within the period of six years preceding the commencement of this civil action through the date of class certification, presented first-party claims arising from direct physical losses to their properties as a result of water damage, mold damage, fire damage, foundation damage and/or structural damage to their homes, which are events covered by the policy, but for which Defendant failed to perform a diminished-value assessment in connection with said claims.

54.    Excluded from the Class are any current or former insureds of Defendant who would otherwise be a member of the Class but whose claim arose under a policy that contains a valid exclusion for diminished value.

55.    Excluded from the Class are Defendant, the officers and directors of Defendant at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendant has or had a controlling interest.

## THE CLASS MEETS THE REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 23(a)

56.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

57.    The Class is properly brought and should be maintained as a class action under Rule 23(a) of the Federal Rules of Civil Procedure because it satisfies the prerequisites of numerosity, commonality, typicality, and adequacy.

58.    Specifically, the members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, upon information and belief, Plaintiff alleges there are thousands of home owners in the State of Georgia who are members of the proposed Class.

59.    The claims of Plaintiff and the members of the Class involve common questions of law and fact, which predominate over questions affecting only individual members of the Class and which can be answered with common proof, including, *inter alia*, the following: (1) whether Defendant's homeowners insurance policies issued in Georgia during the class period provide coverage for diminished value; (2) whether, under Georgia law and pursuant to Defendant's homeowners insurance policies, Defendant is required to assess for any diminution in value to insured properties sustained as the result of water damage, mold damage, fire damage, foundation damage and/or structural damage where such damage is a covered event under the applicable insurance policy; (3) whether Defendant failed to assess for diminution in value when its policyholders presented first-party physical damage claims arising from direct physical losses to insured properties caused by water damage, mold damage, fire damage, foundation damage, and/or structural damage, which are covered events under the policies; (4) whether Defendant breached the terms of the homeowners insurance policies by failing to assess Class members' properties for diminished value that exists despite physical repairs; (5) whether the claims of Plaintiff and members of Class arise from the same conduct constituting Defendant's breach of the homeowners insurance policies; (6) whether Defendant's practices complained of herein should be enjoined or Defendant should be ordered to specifically perform its contractual

obligations; and/or (7) whether Plaintiff and members of the Class are entitled to damages as a result of Defendant's breach of its contractual obligations.

60.    Plaintiff's claim is typical of those of the members of the Class because his claim has the same essential characteristics as the claims of the Class members, and their claims arise from the same course of conduct by Defendant.  Plaintiff and all of the members of the Class maintain, or have maintained, physical damage insurance coverage pursuant to homeowners insurance policies issued by Defendant containing identical, or substantially similar, language respecting risks of direct physical losses to their properties and provisions respecting settlement of such losses.  Plaintiff's claim arises out of standard form contracts of insurance that have not been performed due to the uniform policies, practices, and procedures of Defendant that omit or conceal Defendant's obligation to assess for and pay diminution in value.  Upon information and belief, Defendant has developed policies, practices, and procedures for the adjustment and settlement of claims that omit or conceal reference to, consideration of, assessment for, and payment for diminution in value.  Upon information and belief, Defendant applies these policies, practices, and procedures in a similar fashion to Plaintiff and all other members of the Class. Plaintiff and the members of the Class all made claims upon Defendant for adjustment of first-party physical damage claims as a result of water damage, mold damage, fire damage, foundation damage, and/or structural damage to their properties, which are events covered under the insurance policies. When adjusting such claims, Defendant failed to perform a diminished-value assessment for diminished value losses to Plaintiff and the members of the Class.  Each Class member's contract of insurance was breached by Defendant in a substantially similar manner, i.e., by Defendant's failure to perform an assessment for diminution in value and either pay such diminished value or deny its existence.

61.     Plaintiff will fairly and adequately represent the interests of all members of the Class.  Plaintiff's claims are common to all members of the Class, and Plaintiff has strong interests in vindicating their rights.  Plaintiff is represented by counsel experienced in complex and class action litigation.

### THE CLASS MEETS THE REQUIREMENTS OF RULE 23(b)

62.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

63.     The Class may be maintained pursuant to Rule 23(b)(1), (b)(2), (b)(3), and/or (c)(4).

64.     Certification of the Class is appropriate pursuant to Rule 23(b)(1)(A) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members which would establish incompatible standards of conduct for Defendant.  Certification of the Class is likewise appropriate pursuant to Rule 23(b)(1)(B) because the prosecution of separate actions by individual class members would create a risk of adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

65.     Certification of the Class is also appropriate pursuant to Rule 23(b)(2).  Defendant has acted or refused to act on grounds that apply generally to the members of the Class, so that final injunctive relief is appropriate respecting the Class as a whole.  Defendant has systematically breached the contracts of insurance by failing to evaluate and pay diminution in value losses to its insureds in a manner which is generally applicable to the members of the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.  In

particular, any final injunctive would apply to the entire Class as the rights of all Class members under the terms of the homeowners insurance policies can be addressed in one order requiring Defendant to perform a good faith  assessment for diminished value and, where found, pay diminution in value with respect to policyholders who presented first-party physical damage claims arising from direct physical losses to their insured properties caused by water damage, mold damage, fire damage, foundation damage and/or structural support damage, which are covered events under the insurance policies.

66.    Certification of the Class is also appropriate pursuant to Rule 23(b)(3) because common questions of law and fact that exist as to all members of the Class are central to the adjudication of this action and predominate over any questions solely affecting individual members of the Class.

67.    Moreover, a class action is superior to other available methods for the fair and efficient adjudication of this controversy in that, among other factors:

(a)    The interests of the Plaintiff and members of the Class in individually controlling the prosecution of separate actions are outweighed by the advantages of adjudicating the common issues of fact and law by means of a class action;

(b)    The expense of prosecuting Plaintiff's and Class members' claims individually would significantly exceed any economic benefit Plaintiff or Class members could realize individually, and individual litigation would overload court dockets and magnify the delay and expense to all parties making individual litigation of liability and damages claims economically impractical and infeasible;

(c)     It is desirable that litigation of the claims occur for the Class in this forum to preserve the resources of both the Courts and the litigants, and to reduce the risk of varying and inconsistent adjudications that could occur in individual adjudications; and

(d)     Little, if any, difficulty is likely to be encountered in management of this class action because applicable law will uniformly apply to the claims of the Class.

68.     In the alternative, or in addition to certification under Rule 23(b), Plaintiff seeks certification of the Class under Rule 23(c)(4), which provides that an action may be brought or maintained as a class action with respect to particular issues.  Under Rule 23(c)(4), certification is appropriate when a plaintiff establishes a class under Rule 23(a), and when a common issue threads through the case.

69.     In particular, Plaintiff seeks certification of the liability aspects of the claims asserted, including but not limited to whether Defendant's homeowners insurance policies provide coverage for diminished value, whether Defendant's homeowners insurance policies required Allstate to assess for diminished value, and whether Defendant breached the homeowners insurance contracts by failing to assess for diminished value. Because Defendant's conduct was uniform with respect to all members of the Class in that it failed to assess for and pay diminution of value, this issue is suited for class-wide issue resolution under Rule 23(c)(4).

## COUNT 1 – BREACH OF CONTRACT

### (FAILURE TO COVER AND ASSESS FOR DIMINISHED VALUE)

70.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

71.     During the relevant class period, Plaintiff and all members of the Class maintained coverage against risks of direct physical loss to their properties under policies of

homeowners insurance issued by Defendant.  These policies of homeowners insurance were drafted by the Defendant and/or its agents and are accordingly construed against Defendant.

72.    Implied in every contract, including the contracts of insurance wherein Defendant agreed to provide homeowners insurance coverage to Plaintiff and the members of the Class, is the covenant of good faith and fair dealing.  Defendant had a duty to treat Plaintiff and the members of the Class with the utmost good faith, and under Georgia law, insureds are entitled to expect their insurers to exercise good faith in carrying out their obligations under their policies, including assessing for diminished value and either paying it or denying its existence.

73.    During the relevant class period, Plaintiff and the other members of the Class all made first-party claims against Defendant for water damage, mold damage, fire damage, foundation damage and/or structural damage to dwellings, which were covered claims under the homeowners insurance policies issued by Defendant.

74.    Water damage, mold damage, fire damage, foundation damage and structural damage have the potential to cause diminished value due to stigma even after physical repairs.

75.    As part of its contractual obligations to Plaintiff and members of the Class, Defendant was required to perform good-faith assessments for diminished value of Class members' homes based on an appropriate uniform methodology when it adjusted Class members' claims and either pay any such diminished value found to exist or deny its existence.

76.    Despite being required to do so by its policies of homeowners insurance and Georgia law, Defendant failed to perform an assessment for the diminution-in-value losses of Plaintiff and the Class members.

77.    By failing to perform an assessment for diminution in value as an element of loss, Defendant breached the homeowners insurance contracts, including the covenant of good faith and fair dealing inherent therein.

78.    The breaches of contract by Defendant have injured and harmed Plaintiff and the Class members and have proximately caused them damages.

79.    Plaintiff and members of the Class have been damaged by Defendant's failure to assess for diminished value regardless of whether or not diminished value actually exists because Defendant's insureds are entitled to know whether or not their homes sustained diminished value and because Defendant was obligated to assess for such diminished value under the policies and Georgia law.

80.    The insurance premiums paid by Plaintiff and the members of the Class pay for both the payment of insurance claims and the adjustment and investigation of those claims.

81.    Plaintiff and the members of the Class are entitled to recover damages from Defendant for breach of contract arising from Defendant's failure to perform diminished-value assessments.  Accordingly, Plaintiff sues on behalf of himself and the Class members in order to recover amounts due to members of that Class based upon Defendant's failure to perform diminished-value assessments in the aforesaid first-party claims of Plaintiff and the Class members.

82.    Alternatively, because monetary relief is not adequate to remedy the harm caused by Defendant's failure to assess for diminished value in breach of the homeowners insurance contracts, Plaintiff seeks specific performance and/or a declaration and an order enjoining Defendant's nonperformance to prevent irreparable harm to Plaintiff and the Class which requires Defendant to comply with its contractual obligations.

## COUNT 2 – ATTORNEYS' FEES AND OTHER EXPENSES OF LITIGATION PURSUANT TO O.C.G.A. § 13-6-11

83.    Throughout the course of events described in this Complaint, Defendant has acted in bad faith, been stubbornly litigious, and/or has caused Plaintiff and members of the Class undue trouble and expense.

84.    As a result, Plaintiff and members of the Class are entitled to recover attorneys' fees, costs, and the expenses of litigation pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE**, the Plaintiff prays:

(a)    that summons and process issue to the Defendant as required by law;

(b)    that Plaintiff, individually, recover compensatory damages for the injuries and damages he has incurred in an amount proven at trial;

(c)    that this Court certify the Class requested herein, and that the Court find and conclude that Plaintiff is an appropriate representative of the Class;

(d)    that this Court find and conclude that the undersigned counsel fairly and adequately represent and protect the interests of the Class requested herein, and certify the undersigned counsel to act as counsel for the Class;

(e)    that judgment be entered against Defendant finding that Defendant breached the homeowners insurance contracts by failing to assess for diminished value;

(f)    that judgment be entered against Defendant in such amount as will fully and adequately compensate Plaintiff and the other members of the Class;

(g)    that this Court issue an order requiring that Defendant specifically perform its obligations under the homeowners insurance contracts in effect and/or enjoining any non-performance by Defendant under the homeowners insurance contracts;

(h)     that this Court award Plaintiff and members of the Class their costs and attorneys'

        fees pursuant to O.C.G.A. § 13-6-11;

(i)     that Plaintiff  have a trial by jury with respect to the legal claims; and

(j)     that this Court grant such other and further relief as it deems just and proper under

        the premises.

Respectfully submitted this 23rd day of May 2019.


                                         /s/ Adam P. Princenthal____
                                        Adam P. Princenthal (GA Bar No. 588219)
                                        PRINCENTHAL, MAY & WILSON, LLC
                                        750 Hammond Drive
                                        Building 12, Suite 200
                                        Atlanta, Georgia 30328
                                        Telephone: (678) 534-1980
                                        adam@princemay.com

                                        [Additional counsel listed on next page]

Richard Kopelman (GA Bar No. 428115)
Clint W. Sitton (GA Bar No. 649420)
KOPELMAN SITTON LAW GROUP, LLC
5855 Sandy Springs Circle, Suite 300
Atlanta, Georgia 30328
Phone: 404-351-5900
richard@kopelmansitton.com
clint@kopelmansitton.com

C. Cooper Knowles (GA Bar No. 426699)
THE LAW OFFICE OF C. COOPER KNOWLES, LLC
750 Hammond Drive
Building 12, Suite 350
Atlanta, Georgia 30328
Telephone: (770) 668-2081
cknowles@cckfirm.com

Michael J. Brickman (SC Bar No. 00874)
Kimberly Keevers Palmer (SC Bar No. 66496)
Nina Fields Britt (SC Bar No. 68294)
James C. Bradley (SC Bar No. 16611)
RICHARDSON, PATRICK, WESTBROOK & BRICKMAN, LLC
1037 Chuck Dawley Blvd., Bldg. A
Post Office Box 1007 (29465)
Mount Pleasant, South Carolina 29464
Telephone: (843) 727-6500
mbrickman@rpwb.com
kkeevers@rpwb.com
nfields@rpwb.com
jbradley@rpwb.com

*Attorneys for Plaintiff*