# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| MATTHEW E. LAMPERT, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 5:19-cv-200 (HL) |

## ORDER

Before the Court is the parties' Joint Motion to Stay All Deadlines and Proceedings. (Doc. 32). In *Morrow v. Allstate Indemnity Company*, this Court denied the plaintiffs' motion to certify class. *See Morrow v. Allstate Indemnity Co.*, No. 5:16-CV-137 (HL), 2020 WL 1696226, at *6 (M.D. Ga. Apr. 7, 2020). The *Morrow* plaintiffs have since filed a petition in the Eleventh Circuit, requesting an appeal of this Court's denial of class certification. *See* Fed. R. Civ. P. 23(f) ("A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule . . . ."). The parties now jointly request this Court to stay all deadlines pending the Eleventh Circuit's resolution of the *Morrow* Rule 23(f) Petition and, if allowed, appeal. *See* Fed. R. Civ. P. 23(f) advisory committee's note to 1998 amendment ("Permission to appeal [under Rule 23(f)]

does not stay trial court proceedings. A stay should be sought first from the trial court.").

Counsel representing the parties in this action also represent the parties in *Morrow* and similar suits concerning breach of insurance contracts that were issued by Allstate. *See Morrow v. Allstate Indemnity Co.*, No. 5:16-CV-137 (HL); *Schoenborn v. Allstate Fire & Cas. Ins. Co.*, 5:18-CV-368 (HL). The parties acknowledge that *Morrow*, *Schoenborn*, and this case present "virtually identical issues" concerning diminution in value of residential properties following an event of physical damage. (Doc. 32, p. 4). All parties agree that guidance from the Eleventh Circuit would affect the resolution of the three pending Allstate cases. Accordingly, the parties in the other cases have also requested to stay proceedings pending appeal of this Court's Order.

In their motion, the parties express that they "agree that a ruling by the Eleventh Circuit would strongly influence, and would likely control, the class certification question in this and all related matters pending in this Court." (*Id.* at p. 2). The Eleventh Circuit may clarify, inform, or narrow the relevant issues. Furthermore, the Court agrees that a stay promotes efficient use of the parties' and this Court's resources. An opinion from the Eleventh Circuit may save time and limit the costs of completing discovery. Avoiding unnecessary depositions and other in-person discovery matters serves the public interest—especially in light of the ongoing coronavirus pandemic.

The parties represent that "neither the Plaintiff nor the Defendant would be

prejudiced by a stay." (*Id.* at p. 5). Rather, a stay would be "mutually beneficial to the parties." (*Id.* at p. 6). The Court, accordingly, **GRANTS** the parties' Joint Motion to Stay All Deadlines and Proceedings. It is **ORDERED** that all deadlines and proceedings in the case shall be stayed until seven (7) days after the Eleventh Circuit Court of Appeals' resolution of the *Morrow* Rule 23(f) Petition and, if allowed, appeal.

    **SO ORDERED** this 16th day of June, 2020.

                                */s/ Hugh Lawson*
                                **HUGH LAWSON, SENIOR JUDGE**

kac